UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO MEDINA CASTILLON,<br><br>    Petitioner,<br><br>    v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>    Respondent. | Case No. 21-cv-00973-EMC<br><br>**ORDER OF DISMISSAL WITH FURTHER LEAVE TO AMEND** |

## I. BACKGROUND

Pedro Medina Castillon, an inmate currently housed at the Centinela State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court reviewed Mr. Castillon's petition pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases, and dismissed the petition in part. *See* Docket No. 13. Specifically, the Court noted that of Mr. Castillon's ten claims, Claims 1-3, 7, 9, and 10 were cognizable, but Claims 4-6 and 8 could not proceed because they identified violations only of California law. *See id*. at 3. The Court allowed Mr. Castillon to file an amended petition which would identify federal rights supporting Claims 4-6 and 8. *See id*. at 3-4.

Mr. Castillon filed an amended petition, *see* Docket No. 16 ("Amended Petition"), which is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

For the reasons below, the amended petition is dismissed with further leave to amend.

## II. DISCUSSION

Mr. Castillon still has not identified the federal rights which underly Claims 4-6 and 8.

Specifically, the only authority cited for Claim 4 is a California appellate case. *See* Am. Pet. at 2.[1] For Claims 5 and 6, Mr. Castillon cites Ninth Circuit opinions without explanation, and then goes on to discuss a California appellate decision at length. *See id*. at 4, 6. For Claim 8, Mr. Castillon cites Ninth Circuit opinions, but does not discuss any federal right. *See id*. at 9. For each claim, Mr. Castillon's amended petition fails to identify a federal constitutional right which was violated.

A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). In other words, "it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). The Supreme Court has repeatedly held that the federal habeas writ is generally unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994). It is unavailable unless "the Constitution or other federal law *specifically* protects against the alleged unfairness or guarantees the procedural right in state court." *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (emphasis added), *cert. denied*, 478 U.S. 1021 (1986).

For Mr. Castillon, this means that it is not enough to cite a Ninth Circuit case without identifying any federal right that was violated, or to cite a California case. Instead, Mr. Castillon should identify a right guaranteed by the United States Constitution that was violated by the trial court's actions. Specifically, Mr. Castillon must identify which federal constitutional right was violated when the trial court excluded evidence (Claims 4-6), and which federal constitutional right was violated by the trial court's jury instruction (Claim 8).

The Court will allow Mr. Castillon one last opportunity to identify a federal constitutional right underlying Claims 4-6 and 8. If Mr. Castillon cannot do so, the case will go forward with only the first, second, third, seventh, ninth, and tenth claims, as the Court previously determined

---

[1] The Court uses the page numbers applied by the ECF system.

that those claims are cognizable.

### III. CONCLUSION

For the foregoing reasons, the amended petition for writ of habeas corpus is **DISMISSED WITH LEAVE TO AMEND**. Petitioner must file a second amended petition curing the deficiencies identified in this order no later than **June 3, 2022**. The second amended petition should have the case caption and case number on the first page and should be clearly marked "Second Amended Petition."

The second amended petition must be a complete statement of Petitioner's claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.")

If Petitioner does not file a second amended petition by the deadline, the case will go forward with only the first, second, third, seventh, ninth, and tenth claims, as the Court previously has determined that those claims are cognizable.

**IT IS SO ORDERED**.

Dated: April 28, 2022

_____
EDWARD M. CHEN
United States District Judge