UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO MEDINA CASTILLON,<br>Petitioner,<br>v.<br>RAYMOND MADDEN, Warden,<br>Respondent. | Case No. 21-cv-00973-EMC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Docket Nos. 1, 17 |

## I. INTRODUCTION

Pedro Medina Castillon, an inmate currently housed at the Corcoran State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Docket No. 1 ("Original Petition"). The Court reviewed the Original Petition and found it was cognizable in part, but dismissed with leave to amend as to four claims because those claims were based solely on state law. *See* Docket No. 13. After an extension of time, Mr. Castillon filed an amended petition, but it was dismissed with leave to amend because it suffered from the same defect. *See* Docket No. 17.

Mr. Castillon now has filed a second amended petition ("SAP"), which is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

For the reasons give below, the Court orders Respondent to address the claims previously found cognizable in the Original Petition, *see* Docket No. 13 (identifying cognizable claims), and those from the Second Amended Petition which the Court finds are cognizable, *see infra* (same).

## II. BACKGROUND

Following a jury trial in Santa Clara County Superior Court, Mr. Castillon was convicted of two counts of first-degree murder with use of a firearm. He was sentenced in July 2015 to a term of imprisonment of 50 years to life plus life without the possibility of parole. Docket No. 1 at 2.

Mr. Castillon appealed. His conviction was affirmed by the California Court of Appeal on August 13, 2018, and his petition for review was denied on November 14, 2018. *Id.* at 3. His petition for writ of certiorari was denied by the U.S. Supreme Court on October 7, 2019. *Id.* at 5. He also filed an unsuccessful petition for writ of habeas corpus in the Santa Clara County Superior Court in 2020. *Id.* at 3.

## III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Mr. Castillon alleges the following claims: **First**, the CALCRIM No. 570 jury instruction that manslaughter requires a defendant to have killed "under the direct and immediate influence of provocation" was erroneous under California law and violated his due process right to a fair trial. Original Pet. at 5, 40. The Court has already deemed Claim 1 cognizable. *See* Docket No. 13 at 3.

**Second**, Mr. Castillon's constitutional right to due process was violated when the trial court erroneously denied his requested instruction on "cooling off." Original Pet. at 5. The Court has already deemed Claim 2 cognizable. *See* Docket No. 13 at 3.

**Third**, his Sixth and Fourteenth Amendment rights to a jury trial and due process were

violated by the jury instruction on murder that did not require the prosecution to prove the absence of heat of passion and provocation. Original Pet. 6, 71. The Court has already deemed Claim 3 cognizable. *See* Docket No. 13 at 3.

In the Second Amended Petition, Mr. Castillon raises the **fourth claim** that the trial court erred in not allowing a heat-of-passion defense, and argues that the trial court's decision violated his Sixth Amendment right to present a complete defense. *See* SAP at 2. He raises the **fifth claim** that the trial court erred in not allowing evidence of a restraining order related to the victim's attempt to run Mr. Castillon over with his car; that the admission of this restraining order would have aided Mr. Castillon's attempt to raise a heat-of-passion defense; and that the trial court's failure to admit the restraining order impeded his heat-of-passion defense and thus violated his First Amendment right of access to the courts, his Sixth Amendment right to present a complete defense, and his Fourteenth Amendment right to due process. SAP at 3. Mr. Castillon raises the **sixth claim** that the trial court should have allowed evidence of the victim's Facebook threats to kill Mr. Castillon; that the admission of these threats would have aided Mr. Castillon's attempt to raise a heat-of-passion defense; and that the failure to admit the threats impeded his heat-of-passion defense and thus violated Mr. Castillon's First Amendment right of access to the courts, his Sixth Amendment right to present a complete defense, and his Fourteenth Amendment right to due process. SAP at 4-5.

Liberally construed, Claims 4, 5, and 6 are cognizable in a federal habeas proceeding to the extent they argue that Mr. Castillon's Sixth and Fourteenth Amendment rights were violated.

Claims 5 and 6 are dismissed without leave to amend to the extent they are based on Mr. Castillon's right to access the courts. The U.S. Supreme Court has expressly held that the right of access to the courts allows inmates "to bring to court a grievance that the inmate wished to present," but does not encompass a right "to *litigate effectively* once in court." *Lewis v. Casey*, 518 U.S. 343, 354 (1996) (emphasis in original) (expressly "disclaim[ing]" any "suggest[ion]" that prisoner have a right to discover grievances or to litigate effectively); *see also Milinich v. Ahlin*, No. C 09-2612 CRB (PR), 2014 WL 5793959, at *6-7 (N.D. Cal. Nov. 6, 2014) (denying a habeas claim predicated on the right of access to the courts). To the extent Mr. Castillon bases Claims 5

3

1    and 6 on a right of access to the courts, he presumes a general right to litigate effectively, which

2    does not exist independent of his right to present a defense and to due process– which he has

3    raised separately as claims proceeding under the Sixth and Fourteenth Amendments. *See Sharp v.*

4    *Cary*, No. C 01-3625 MMC(PR), 2002 WL 202375, at *3 (N.D. Cal. Feb. 1, 2002) ("The right of

5    access to the courts is limited to the initiation of a court action, and does not include the right to

6    litigate effectively or successfully once in court.") (citing *Lewis,* 518 U.S. at 354.).  The theory

7    underlying Mr. Castillon's attempt to rely on the First Amendment would guarantee not only the

8    right to proceed in court and to *ask* the trial court to consider a defense, but also would *force* the

9    trial court to hear any defense the accused wished to offer.  Put simply, the First Amendment does

10   not protect Mr. Castillon in the way he claims; to the extent he wishes to argue he was deprived of

11   due process or the right to present a complete defense, though rights are guaranteed by the Sixth

12   and Fourteenth Amendment, which he already has invoked.

13   In the alternative, this claim fails on the merits.  It is plain from Mr. Castillon's petition

14   that he had defense counsel during his criminal trial.  *See* Original Pet. at 7 (raising a claim for

15   ineffective assistance of counsel).  Even if the trial court's exclusion of evidence implicated Mr.

16   Castillon's First Amendment right to access the courts (which the Court is not persuaded it does),

17   the Ninth Circuit has held that the right to access the courts is satisfied by the provision of counsel.

18   *See United States v. Wilson*, 690 F.2d 1267, 1271 (9th Cir. 1982) ("Availability of legal assistance

19   at government expense, if required, is a constitutionally permissible means of access[ing the

20   courts]. . . When such adequate access is provided, as was here, an inmate may not reject the

21   method provided and insist on an avenue of his or her choosing.").  To the extent Mr. Castillon

22   would argue his counsel was ineffective, he separately has raised that claim.

23   Mr. Castillon's **seventh** claim is that the trial court violated his right under the

24   Confrontation Clause in "not allowing evidence of victim Jimenez['s] toxicology report" that

25   showed drug use.  Original Pet. at 28.  The Court has already deemed Claim 7 cognizable. *See*

26   Docket No. 13 at 3.

27   In the Second Amended Petition, Mr. Castillon presented the **eighth** claim that the trial

28   court erred in allowing a readback of only a portion of a witness's testimony, rather than the

testimony in its entirety. SAP at 6-7. He contended that this prevented the jury from considering certain facts most thoroughly; and that this in turn violated his Sixth Amendment right to present a complete defense, and cited the First and Fourteenth Amendments. *See id*. As with Claims 5 and 6, Claim 8 is dismissed without leave to amend to the extent it is based upon a First Amendment right of access to the courts.

The Court doubts whether Mr. Castillon's eighth claim will succeed. The testimony at issue already had been presented to the jury, and Mr. Castillon claims only that the jury should have been entitled to hear the testimony in full for a second time. The Court has found no cases holding that the failure to allow the jury to hear testimony for the second time implicates the Sixth Amendment; indeed, courts which discuss readback at all consistently have noted that it has "never" been held to be "a critical stage of the trial." *La Crosse v. Kernan*, 244 F.3d 702, 708 (9th Cir. 2001); *see also Luckett v. Adams*, 200 F. App'x 703, 704 (9th Cir. 2006) (same); *Wauls v. Roe*, 121 F. App'x 179, 181 (9th Cir. 2005) ("[T]he Supreme Court has never held that a jury readback or playback is a critical stage of the trial . . . ."). However, the Court has found no cases holding that limited readback does *not* implicate the Sixth or Fourteenth Amendments. Considering the liberal construction due at this stage of the action, *Hendricks*, 908 F.2d at 491, the Court is reluctant to dismiss Claim 8 without some precedent on this issue. The Court therefore believes it is best for the parties to brief Claim 8 to the extent it is based on the Sixth Amendment right to present a complete defense and the Fourteenth Amendment right to due process.

**Ninth**, Mr. Castillon claimed his Sixth and Fourteenth Amendment rights to present a defense and to a jury trial were violated when the trial court allowed the district attorney to question the victim's 8-year old son about whether Mr. Jimenez lived at the house when the record was "very clear" that Mr. Jimenez did not live there. Original Pet. at 35. The Court has already deemed Claim 9 cognizable. *See* Docket No. 13 at 3.

**Tenth**, trial counsel provided ineffective assistance in failing to properly argue the CALCRIM No. 570 jury instruction was an incorrect instruction. Original Pet. at 40. The Court has already deemed Claim 10 cognizable. *See* Docket No. 13 at 3.

5

## IV.   CONCLUSION

For the foregoing reasons,

1. Claims 1-3, 7, and 9-10, presented in the original petition, warrant a response. Claims 4-6 and 8, as presented in the second amended petition, warrant a response. For clarity, the only claims Mr. Castillon may pursue are:

   i. Claim 1 regarding the CALCRIM No. 570 jury instruction, to the extent based on a federal right to due process;

   ii. Claim 2 regarding a "cooling off" jury instruction, to the extent based on a federal right to due process;

   iii. Claim 3 regarding a jury instruction that did not require the prosecution to prove the absence of provocation and heat of passion, to the extent based on federal rights to (a) due process, and (b) a jury trial;

   iv. Claim 4 regarding the exclusion of a heat-of-passion defense, to the extent based on a federal right to present a complete defense;

   v. Claim 5 regarding exclusion of evidence of a restraining order, to the extent based on federal rights to (a) due process, and (b) present a complete defense;

   vi. Claim 6 regarding exclusion of evidence of Facebook threats, to the extent based on federal rights to (a) due process, and (b) present a complete defense;

   vii. Claim 7 regarding exclusion of evidence of a toxicology report, to the extent based on the federal right of confrontation;

   viii. Claim 8 regarding the readback of a part of testimony, to the extent based on federal rights to (a) due process, and (b) present a complete defense;

   ix. Claim 9 regarding witness questions about the victim's residence, to the extent based on federal rights to (a) present a defense and (b) a jury trial; and

   x. Claim 10 regarding the CALCRIM No. 570 jury instruction, to the extent based on a federal right to effective assistance of counsel.

Any other claims either were not raised by Mr. Castillon or have been deemed non-cognizable in the Court's screening orders in this action.

2. The clerk shall electronically serve a copy of this order upon Respondent and Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov.  The original petition, second amended petition, and any exhibits thereto are available via the Electronic Case Filing (ECF) system for the Northern District of California.  The clerk also shall serve by mail a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **July 14, 2023,** an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of any court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse and serving it on Respondent on or before **August 18, 2023**.

5. Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Petitioner is cautioned that he must include the case name and case number for this case on any document he files in this case.

**IT IS SO ORDERED**.

Dated: May 5, 2023

_____
EDWARD M. CHEN
United States District Judge